# United States District Court
# Central District of California

| | |
|---|---|
| POUYA FAKHERI,<br><br>        Plaintiff,<br><br>    v.<br><br>CVS PHARMACY, INC.; CVS Rx SERVICES, INC.; GARFIELD BEACH CVS, LLC; DOUGLAS JORDAN; and DOES 1–100, inclusive,<br><br>        Defendants. | Case № 2:17-cv-03001-ODW (JEM)<br><br>**ORDER REMANDING ACTION** |

## I.    INTRODUCTION

The Court has reviewed Defendants' Notice of Removal, and hereby issues this *sua sponte* order remanding the action for lack of subject matter jurisdiction. *See Mission Prop. Partners LLC v. Taylor*, No. CV 13-08475 MMM PJWX, 2013 WL 6860711, at *1 (C.D. Cal. Dec. 30, 2013).

This is a disability discrimination lawsuit arising out of Plaintiff's employment as a pharmacist at a CVS store. Plaintiff alleges that CVS required him to take certain training and safety modules but refused to pay him for that time. (Compl. ¶ 10–11, ECF No. 1-3.) Plaintiff complained to his supervisor, Douglas Jordan, about this practice. (*Id.* ¶¶ 11–13.) Plaintiff alleges that CVS and Jordan retaliated against him by writing him up, and that Jordan "repeatedly harassed [Plaintiff] by continually

belittling [Plaintiff's] abilities in a very demeaning way." (*Id.* ¶¶ 15–16.) Plaintiff alleges that this harassment caused him to seek medical attention, which eventually resulted in a doctor diagnosing Plaintiff with a mental disability. (*Id.* ¶¶ 18–19.) Plaintiff informed CVS of this diagnosis and that he would need to take time off, but CVS nonetheless scheduled him to appear at work to respond to the allegations in the prior write-ups. (*Id.*) When Plaintiff did not show up, CVS terminated him. (*Id.*)

Plaintiff filed this action in state court, asserting fourteen causes of action under state law. (ECF No. 1-3.) Defendants removed the case to federal court based on diversity jurisdiction. (Not. of Removal ¶ 1, ECF No. 1.) Defendants allege that Plaintiff is a citizen of California, and that Defendants CVS Pharmacy, Inc., CVS RX Services, Inc., and Garfield Beach CVS, LLC are all citizens of states other than California. (*Id.* ¶¶ 11–19.) Defendants argue that the Court should ignore Jordan's citizenship for the purpose of determining diversity, however, because he is a sham defendant. (*Id.* ¶¶ 21–30.)

## II. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete

diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant. . . . [A] non-diverse defendant is said to be fraudulently joined where 'the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Sanchez v. Lane Bryant, Inc.*, No. 215CV04247CASASX, 2015 WL 4943579, at *2 (C.D. Cal. Aug. 17, 2015) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1340 (9th Cir. 1987)); *see also Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a sham defendant if . . . the plaintiff could not possibly recover against the party whose joinder is questioned.").

There is a strong presumption against fraudulent joinder, and thus "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder. If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, or in a future amended complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015). Therefore, "the standard for proving fraudulent joinder is more exacting than that for dismissing a claim for failure to state a claim." *IDS Prop. Cas. Ins. Co. v. Gambrell*, 913 F. Supp. 2d 748, 752 (D. Ariz. 2012).

### III. DISCUSSION

Defendants argue that Plaintiff cannot state a claim against Jordan. The only

claim Plaintiff asserts against Jordan is for disability harassment under the Fair Employment and Housing Act (FEHA). Under FEHA, "[i]t is an unlawful employment practice . . . [f]or an employer . . . because of . . . [a] mental disability [or] medical condition . . . to harass an employee . . . ." Cal. Gov't Code § 12940(j)(1). "[A]n employee claiming harassment based upon a hostile work environment must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees." *Miller v. Dep't of Corr.*, 36 Cal. 4th 446, 462 (2005). "[A]cts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 610 (1989). "An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee." Cal. Gov't Code § 12940(j)(2).

Defendants argue that none of the conduct that Plaintiff alleges against Jordan constitutes severe or pervasive harassment, and thus Jordan is a sham defendant. However, the fact that Plaintiff's current iteration of the complaint may not contain sufficient information to demonstrate severe or pervasive harassment is not sufficient to invoke the sham defendant doctrine, for Plaintiff could amend his complaint to include such additional information. Defendants also argue that Jordan is protected by the managerial privilege because the conduct that Jordan allegedly engaged in does not rise to the level of harassment. *See Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63 (1996). Again, however, even if that is so, this does not preclude Plaintiff from amending the complaint to assert additional facts that would rise to the level of harassment.

## IV. CONCLUSION

For these reasons, the sham defendant doctrine is inapplicable to Jordan. And because Defendants have not established that Jordan's citizenship is diverse from

Plaintiff's citizenship, the Court lacks subject matter jurisdiction over the action. Accordingly, the Court **REMANDS** this action to the Los Angeles Superior Court, Case No. BC 652099. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

April 21, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**